BEN SCHMOUTEY and BEATRICE SCHMOUTEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; BEN SCHMOUTEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmoutey v. Commissioner
Docket Nos. 4270-75, 4271-75.
United States Tax Court
T.C. Memo 1979-142; 1979 Tax Ct. Memo LEXIS 385; 38 T.C.M. (CCH) 637; T.C.M. (RIA) 79142; April 11, 1979, Filed Arthur H. Singer, for the petitioners. Dennis D. DeBerry, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in income tax against petitioners as follows: Dkt. No.
(Petitioners)
Year
Amount
4270-75
Ben and Beatrice
1971
$2,988.08
Schmoutey
4271-75
Ben Schmoutey
1972
$3,289.24
These cases have been consolidated for purposes of trial, briefing, and opinion. Due to a concession, the sole issue for consideration is whether certain claimed deductions for meals and entertainment should be disallowed under section 274. [1]
*386 FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Ben and Beatrice Schmoutey, were husband and wife throughout 1971, and at the time of filing their petition in docket No. 4270-75, resided in Las Vegas, Nev. The couple divorced in April 1972. At the time of filing his petition in docket No. 4271-75, Ben Schmoutey resided in Las Vegas, Nev. During the years in issue, petitioner Ben Schmoutey (hereinafter "petitioner") was President and Chairman of the Executive Board of the Culinary Workers Union, Local 226, Las Vegas, Nev., an AFL-CIO affiliate. In his capacity as such, petitioner's duties included the promotion, development, and organization of the union. In performance of these duties, petitioner would oftentimes contact the union membership by patronizing various hotels, restaurants, and casinos in the Las Vegas area. On his returns for the taxable years 1971 and 1972, petitioner claimed employee business expenses of $12,026.89 and $10,111.50, respectively. Of these amounts, respondent disallowed $8,295.09 and $6,344.41 claimed to have been expended by petitioner for breakfasts, lunches, and entertainment in connection with *387 his duties as an employee of the union. Petitioner maintained a diary for each of the years in issue in which he contemporaneously recorded the amount and date of each expenditure. The diaries did not contain: the name of the restaurant, casino, or other establishment where the amounts in question were expended; the names and numbers of the persons served; the purpose of the meeting or entertainment. For purposes of this trial, petitioner compiled a list of about 35 hotels and casinos at which he claims the expenditures in question were made. He also compiled a list of about 75 business agents and shop stewards with whom he claims to have had business discussions at various times during 1971 and 1972, and for whom the disputed expenditures were made. Petitioner was unable to describe with whom or where he met, or the purpose of the meeting on any specific date during 1971 and 1972. He testified that he did not record the names of the individuals or the purpose of the meetings as a precautionary measure to ensure that the management of the various establishments in the Las Vegas area did not discover and take reprisals against the individuals with whom he spoke about union matters. *388 OPINION During the years at issue, petitioner claimed business deductions for meals and entertainment totaling $8,295.09 in 1971 and $6,344.41 in 1972. In disallowing these claimed deductions, respondent argues that petitioner has failed to satisfy the substantiation requirements of section 274(d), which provides: (d) Substantiation Required.--No deduction shall be allowed-- * * *
(2) for any item with respect to any activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or (3) for any expense for gifts, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of travel, entertainment, amusement, recreation or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of *389 the preceding sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. [Emphasis added.] Section 1.274-5(c)(2), Income Tax Regs., describes "adequate records" as consisting of "an account book, diary, statement of expense, or similar record" prepared "at or near" the time the expenditures were made, and "documentary evidence," which, in combination, "are sufficient to establish each element of an expenditure"--amount, time, place, business purpose, and business relationship. Documentary evidence consists of paid bills, receipts, or similar evidence. In the instant case, the diaries maintained by petitioner fail to establish each element of his expenditures. The names of the persons entertained, the business purpose of the expenditure, and petitioner's business relationship to the persons entertained are missing in all cases and, in most places, [2] the place of entertainment is missing. [3] Accordingly, we hold that petitioner has not substantiated his business expenses by "adequate records" as required by section 274(d). *390 Because he lacks adequate records, petitioner must establish the missing elements of each expenditure -- name and business relationship of the persons entertained, the place of entertainment, and the business purpose of the meeting -- by other sufficient evidence corroborating his own written or oral statement. Petitioner introduced lists containing the names and business relationship of about 75 persons and about 35 places of entertainment. In addition, he testified generally as to the business purpose of the meetings. However, in no instance could petitioner give specific information in detail as to any of the claimed expenditures. Furthermore, he has not substantiated any of the missing elements of each expenditure by "sufficient evidence corroborating his own statement." Section 274(d) was intended to disallow deductions based on a taxpayer's unsupported self-serving testimony. In view of this, we have no alternative but to sustain respondent's determination. Petitioner's desire to maintain the confidentiality of the names of the persons and the business discussed does not exempt him from the substantiation requirements of the statute. &Section 1.274-5(c)(2)(ii)(c *391 ), Income Tax Regs., provides that if any element of the expenditure is confidential it need not be set forth in the diary provided such information is recorded at or near the time of the expenditure and is elsewhere available to the district director to substantiate such element of the expenditure. Petitioner testified that he did not record the requisite information at or near the time of the expenditure. Moreover, he has not provided other evidence sufficiently corroborated to satisfy the statutory elements. Accordingly, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. A small portion of the total claimed deductions were paid by credit cards the receipts of which showed the place of entertainment. ↩
3. e entries in the diaries were clearly "made at or near the time of the expenditure." Sec. 1.274-5(c)(2)(ii)(a↩), Income Tax Regs. However, the lists that petitioner prepared for trial indicating the names and business relationship of the persons entertained and the places of entertainment are clearly not contemporaneous records.